# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

AMILCAR ANTONIO AVALOS RAMOS,

                              Petitioner,

            v.

ANTONE MONIZ, Superintendent of Plymouth
County Correctional Facility,

                              Respondent.

---

Civil Action No. 1:25-CV-10268-AK

## RESPONDENT'S RESPONSE TO PETITIONER'S
## REPLY IN SUPPORT OF HIS PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C § 2241

Respondent Antone Moniz ("Respondent"), Superintendent of the Plymouth County

Correctional Facility ("PCCF"), by and through his attorney, Leah B. Foley, United States

Attorney for the District of Massachusetts, respectfully submits this brief response to Amilcar

Antonio Avalos Ramos' ("Petitioner") reply in support of his Petition for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 (the "Petition").[1]  Doc. No. 13.

In his reply, Petitioner abandons his argument in support of his First Cause of Action

raised in his Petition—that his detention violates 8 U.S.C. § 1231[2]—and instead focuses his

---

[1] Respondent requests this Court accept its Reply outside of the seven days contemplated
by this Court's Standing Order Regarding Motion Practice.

[2] Petitioner must concede that his detention is statutorily authorized by 8 U.S.C. §
1231(a)(6) which permits detention at ICE's discretion for individuals, such as him, who have
final orders of removal and are pursuing withholding-only proceedings.  He must also concede
that the Supreme Court held in *Johnson v. Arteaga-Martinez* that this provision does not
authorize bond hearings to allow individuals to seek release.  596 U.S. 573, 574 (2022)*.  See also
Quezada-Martinez v. Moniz*, 722 F. Supp. 3d 7, 11 (D. Mass. 2024) (Explaining that for an
individual in withholding-only proceedings "detention is authorized by § 1231(a)(6)" as such
"finding comports with the text of the statute as well as with recent Supreme Court precedent.").

argument on his claim that U.S. Immigration and Customs Enforcement's ("ICE") detention of him is unlawful because it violates the Substantive Due Process Clause of the Fifth Amendment. *Id.*, at 3, 5-10. He claims that ICE lacked a legitimate reason to arrest him, although he acknowledges that he has a final order of removal and ICE's arrest will allow the effectuation of such removal order more expeditiously. *Id.* at 3, 8. Petitioner posits that "the proper yardstick to measure the lawfulness of [his] ongoing detention is whether he is a danger, whether he is a flight risk and whether ICE is able to promptly remove him from the United States." *Id.* at 10.

Petitioner is incorrect in his assertion as to the "proper yardstick" to consider a Substantive Due Process challenge to detention under 8 U.S.C. § 1231(a)(6) and is further mistaken in his contention that his arrest and detention violate his substantive due process rights. Contrary to his argument, the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001) provided the framework to consider the lawfulness of detention under Section 1231(a)(6). *See Jimenez v. Cronen,* 317 F. Supp. 3d 626, 634 (D. Mass. 2018) (Explaining that "*Zadvydas* addressed the substantive due process component of the Fifth Amendment. The Supreme Court held, in effect, that an alien's right to substantive due process could be violated by prolonged detention even if the alien's right to procedural due process had been satisfied."); *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) (Explaining that "*Zadvydas*, largely, if not entirely forecloses due process challenges to § 1231 detention apart from the framework it established."); *Wang v. Ashcroft,* 320 F.3d 130, 146 (2d Cir. 2003) ("[P]ursuant to *Zadvydas*, Wang's [substantive] due process rights are not jeopardized by his continued detention as long as his removal remains reasonably foreseeable.").

In *Zadvydas*, the Supreme Court explained that the "reasonableness" of continued detention under Section 1231(a)(6) should be measured "primarily in terms of the statute's basic

purpose, namely, assuring the alien's presence at the moment of removal." 533 U.S. at 700. The Court held that post-final order detention under Section 1231 is presumptively reasonable for six months. *Id.* at 701. An alien seeking release after six-months of detention must first "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* Only after meeting this initial burden is the Government required to "respond with evidence sufficient to rebut that showing." *Id.*

Petitioner's Due Process challenge to his detention under Section 1231(a)(6) fails because it is premature and because he is unable to meet his initial burden under *Zadvydas* to demonstrate that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner's first hurdle is that any *Zadvydas* challenge cannot be raised until Petitioner has been detained for six-months in post-final order custody. *See Julce v. Smith*, No. CV 18-10163-FDS, 2018 WL 1083734, at *5 (D. Mass. Feb. 27, 2018) (Habeas petition deemed "premature at best" as it was filed after three months of post-final order detention). Here, Petitioner has been detained for less than two months, since January 26, 2025. As such, his detention remains within the six-month period the Supreme Court deemed "presumptively reasonable" in *Zadvydas.* 533 U.S. at 701. As such, his Due Process challenge is subject to dismissal on this basis alone.

Even if Petitioner's detention stretches beyond six months as he pursues his withholding-only proceedings, such detention will remain permissible under the *Zadvydas* framework as recently explained by the U.S. Court of Appeals for the First Circuit in *G.P. v. Garland*, 103 F.4th 898 (1st Cir. 2024). In *G.P.* the Court held that an alien detained by ICE for more than four years while he pursued withholding-only protection could not meet his initial burden under

3

*Zadvdyas* because his detention was not indefinite—it would end upon the conclusion of the proceedings with a release into the United States or a removal outside the United States. *Id.* at 901-02.

ICE is detaining Petitioner because he is subject to a final order of removal and ICE intends to effectuate such removal order, as directed by Congress, upon the completion of Petitioner's withholding-only proceedings. ICE maintains full statutory authority to arrest and detain an individual with a final order of removal per Section 1231(a)(6) and ICE exercised its broad regulatory authority to revoke Petitioner's prior release on an Order of Supervision pursuant to 8 C.F.R. § 241.4(l)(2) ("Release may be revoked in the exercise of discretion when, in the opinion of the revoking official … "[i]t is appropriate to enforce a removal order or to commence removal proceedings against an alien"). ICE's detention of Petitioner pending his withholding-only proceedings does not violate Petitioner's substantive due process rights "as long as his removal remains reasonably foreseeable." *Wang*, 320 F.3d at 146. And as the First Circuit has clearly explained, an individual in withholding-only proceedings, such as Petitioner, cannot meet his burden under *Zadvdyas* to "show that there is no significant likelihood of his removal in the reasonably foreseeable future" because "if he is ultimately denied relief, the government will be able to move forward with removing him" from the United States. *G.P.*, 103 F.4th at 901.

While Plaintiff claims that the lawfulness of his detention "does not fall into the *Zadvydas* framework" and therefore he has not raised a *Zadvydas* challenge, such assertion is self-serving and incorrect. Doc. No. 13 at 10. He asserts that "ICE has already found that he is neither a danger or a flight risk", but fails to explain why ICE's prior discretionary release of him on an Order of Supervision removes his challenge to his detention under Section 1231(a)(6)—the

same statute at issue in *Zadvydas*—outside of the framework established by the Supreme Court to review the lawfulness of ongoing detention pending removal.

## <u>CONCLUSION</u>

For the above reasons, and for the reasons set forth in Respondent's Opposition to the Petition, Petitioner's assertion of unlawful detention in violation of statute, regulation, and the Constitution fails.  As such, this Court should deny his plea for release.

LEAH B. FOLEY
United States Attorney

Dated: March 14, 2025                    By:    */s/ Mark Sauter*
Mark Sauter
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3347
Email: mark.sauter@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Mark Sauter, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  March 14, 2025                    By:    */s/ Mark Sauter*
Mark Sauter
Assistant United States Attorney